# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND REVIERE,<br><br>         Plaintiff,<br><br>    v.<br><br>M. PHILLIPS, et al.,<br><br>         Defendants. | Case No. 1:11-cv-00483-AWI-DLB PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO MODIFY AMENDED PLEADINGS DEADLINE**<br><br>ECF No. 29 |

Plaintiff Raymond Reviere ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation.  Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants S. Herrera, R. Matus, and M. Phillips for violation of the Eighth Amendment.  On January 29, 2013, Plaintiff filed a motion to modify the Court's Discovery and Scheduling Order.  On February 8, 2013, Defendants filed their Opposition.  ECF No. 32.  The matter is submitted pursuant to Local Rule 230(l).

The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (quoting *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)). Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a pretrial scheduling order "shall not be modified except upon a showing of good cause," and leave of court. Fed. R. Civ. P. 16(b)(4); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002). Although "the existence or degree of prejudice to the party opposing the

1

modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609.

Plaintiff moves to amend the pleading deadline in order to add K. Harrington, the warden of Kern Valley State Prison, as a Defendant. Plaintiff contends that warden Harrington is liable under a theory of supervisory liability based on Defendant Matus's response to an interrogatory in which Defendant Matus stated that he received no training regarding placing Plaintiff in a holding cage, which is the subject of this lawsuit. Plaintiff contends that he did not realize the legal significance of Defendant Matus's response until he was able to access the law library, which did not occur until after the amended pleading deadline had passed.

Defendants contend that Plaintiff has not provided good cause for amendment, as he has failed to demonstrate how he would state a claim against warden Harrington. The Court agrees with Defendants. Plaintiff has presented no argument as to how he states a claim against warden Harrington. To state a claim under § 1983 for supervisory liability against the warden, Plaintiff must allege facts which indicate that the defendant personally participated in a constitutional violation or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Additionally, Plaintiff has not presented good cause as to the lateness of his motion. The deadline to amend pleadings was December 20, 2012. Plaintiff received Defendant Matus's response on November 12, 2012. Plaintiff did not serve his motion until January 15, 2013, the date that the proof of service is signed.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's Motion to modify the schedule, filed January 29, 2013, is denied.

IT IS SO ORDERED.

Dated:   **May 9, 2013**            /s/ *Dennis L. Beck*
                                    UNITED STATES MAGISTRATE JUDGE

2